1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

10

CENTRAL DISTRICT OF CALIFORNIA

11
12  NADINE BANEGAS,                ) Case No. ED CV 12-2286 GAF (MRW)
                                   )
13              Plaintiff,         )
                                   )
14       vs.                       ) ORDER DISMISSING ACTION
                                   )
15  CALIFORNIA INSTITUTION         )
    FOR WOMEN, et al.,             )
16                                 )
17              Defendants.        )
    _____)
18
19       The Court vacates the reference of this action to the Magistrate Judge and

20  dismisses the action for failure to prosecute pursuant to Federal Rule of Civil

21  Procedure 41.

22                                 * * *

23       This is a prisoner civil rights action.  Petitioner, an inmate at the California

24  Institution for Women in Corona, California, alleges that a prison guard used

25  excessive force to subdue her during a confrontation.

26       Plaintiff initially filed a civil rights action against the guard and the prison in

27  the Northern District of California.  The action was subsequently transferred to this

28  district.  (Docket # 1-4.)  The Court (Magistrate Judge Wilner) screened the

1   complaint pursuant to the Prison Litigation Reform Act. The Court authorized the
2   U.S. Marshal's Service to serve the complaint on the individual guard only as to
3   Plaintiff's allegation of an Eighth Amendment excessive force violation. (Docket
4   # 9, 10.)

5       Defendant appeared in the action and filed a motion to dismiss the
6   complaint. (Docket # 17.) The motion alleged, <u>inter alia</u>, that Plaintiff failed to
7   state a cause of action against Defendant by inadequately pleading the requisite
8   mental intent. While the motion was pending, Plaintiff filed a First Amended
9   Complaint (Docket # 24) that was substantially similar to the original complaint.
10  The Court allowed the defense to supplement its motion rather than refile it.
11  (Docket # 27.) Plaintiff filed an opposition brief in which she reiterated her
12  complaint that she suffered an injury at the hands of the officer. (Docket # 43, 50.)

13      Judge Wilner issued an order granting the motion to dismiss the First
14  Amended Complaint. (Docket # 51.) The order set forth the standard against
15  which a prisoner's excessive force claim is measured. Judge Wilner's order then
16  explained how the complaint, the First Amended Complaint, and the exhibits that
17  Plaintiff attached to those documents failed to properly plead that the guard acted
18  with the requisite mental intent. Additionally, Plaintiff's pleadings admitted that
19  she initiated the confrontation with the guard. On that basis, the Court concluded
20  that "the First Amended Complaint and its exhibits do not allege any facts from
21  which the Court can conclude that Plaintiff legitimately alleged an excessive force
22  claim." (<u>Id.</u> at 8.)

23      The magistrate judge dismissed the First Amended Complaint <u>without</u>
24  <u>prejudice</u>. Judge Wilner expressly gave Plaintiff the opportunity to replead her
25  complaint for a third time and serve it on the defense. (<u>Id.</u> at 8.) Alternatively, the
26  Court informed Plaintiff that she could voluntarily dismiss the entire action. The
27  Court advised Plaintiff that "the failure to respond to this order may lead the Court
28

2

1 | to recommend that the action be dismissed in its entirety under Federal Rule of
2 | Civil Procedure 41 for failure to prosecute the action."  (Id. at 9.)

3 |      Plaintiff filed neither a dismissal request nor an amended complaint.
4 | Instead, several weeks after Judge Wilner issued his order, Plaintiff filed a "Motion
5 | to Not Be Dismissed."  (Docket # 52.)  Plaintiff's two-page submission reiterated
6 | her previous argument that she believed that she was entitled to continue with her
7 | civil action against the guard based on the nature of the injuries she described in
8 | the previously-rejected complaints.

9 |           * * *

10 |      Rule 41(b) provides that if a plaintiff "fails to prosecute or to comply with
11 | these rules or a court order, a defendant may move to dismiss the action or any
12 | claim against it."  Dismissal also may be ordered by the Court sua sponte.  Link v.
13 | Wabash R.R., 370 U.S. 626, 629-30 (1962).  Dismissal of a civil action under
14 | Rule 41 may be appropriate to advance the public's interest in the expeditious
15 | resolution of litigation, the court's need to manage its docket, and to avoid the risk
16 | of prejudice to defendants.  Omstead v. Dell, Inc., 594 F. 3d 1081, 1084 (9th Cir.
17 | 2010).  Additionally, a court should consider the public policy favoring disposition
18 | of cases on their merits and the availability of less drastic alternatives in its
19 | evaluation.  Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

20 |      In the present action, the Court finds dismissal is appropriate.  Plaintiff
21 | failed to comply with the Court's clear and direct instruction to file an amended
22 | complaint (or dismissal request) or face termination of the action.  Instead, Plaintiff
23 | repeated her already-rejected arguments in a redundant pleading and declined to
24 | submit a complaint that satisfied the basic parameters identified in Judge Wilner's
25 | order.  From this, the Court concludes that Plaintiff has minimal interest in
26 | advancing the action here.

27 |
28 |

By contrast, the Court, the named guard, and the public have a strong interest in terminating this action, particularly given the obvious pleading defects in the First Amended Complaint. The Court finds that dismissal is appropriate under Rule 41(b). Furthermore, because Plaintiff is a <u>pro se</u> litigant who refused to comply properly with the Court's most recent notice about the case, no sanction short of dismissal will be effective in moving this case forward. <u>Carey</u>, 856 F.2d at 1440.

Accordingly, for the above reasons, this action is DISMISSED with prejudice. Fed. R. Civ. P. 41(b) (dismissal under rule ordinarily "operates as an adjudication on the merits").

IT IS SO ORDERED.

DATED: April 17, 2014

_____
HON. GARY A. FEESS
SENIOR UNITED STATES DISTRICT JUDGE